**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

ANR CONSTRUCTION, INC.,

                Plaintiff,

v.                                  CIVIL ACTION NO.   2:21-cv-00575

CPF CONSTRUCTION, LLC,

                Defendant.


**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff and Counterclaim Defendant ANR Construction, Inc.'s ("ANR Construction") Motion to Dismiss Counterclaim Count One (I) for Failure to Plead Fraud with Particularity, and in the Alternative for Judgment as a Matter of Law, or Partial Summary Judgment.   (ECF No. 7.)   For the reasons more fully explained below, ANR Construction's motion is **DENIED**.

*I.    BACKGROUND*

*A.  The Complaint*

The following allegations are drawn from ANR Construction's original Complaint. Defendant CPF Construction, LLC ("CPF Construction"), an out-of-state entity with a principal place of business in South Carolina, was a subcontractor to a prime contract between the West Virginia Development Office and Thompson Construction Group, Inc., for the permit and construction of 125 "stick built housing units."   (ECF No. 1–1 at ¶¶ 2, 4.)   At some point in time prior to March 28, 2019, CPF Construction issued proposed drawings, plans, specifications, and

contract documents to ANR Construction, who was to be the subcontractor to the prime contract, to construct the stick-built housing units.  (*Id.* at ¶ 5.)  The subcontract between ANR Construction and CPF Construction allegedly totaled $9,222,912.00, as set forth in the parties' Binder Agreement.  (*Id.*)

However, CPF Construction allegedly was not authorized to conduct business in West Virginia and did not possess a West Virginia contractor's license until late September 2019.  (*Id.* at ¶ 7.)  Prior to March 28, 2019, CPF Construction was allegedly not listed nor identified by Thompson Construction Group, Inc. to the State of West Virginia as a subcontractor expected to perform more than $25,000 worth of work.  (*Id.* at ¶ 8.)  Despite lacking these credentials, ANR Construction alleges that CPF Construction sent the proposed project documents "as an inducement for ANR to enter into the Binder Agreement with defendant CPF."  (*Id.* at ¶ 11.)

On or around March 28, 2019, ANR Construction submitted its bid and entered into a Binder Agreement with CPF Construction.  (*Id.* at ¶¶ 13, 15.)  Thereafter, and "[d]espite ANR's performance of its obligations under the Agreement," CPF Construction allegedly failed to pay ANR Construction in the amount of $330,980.00.  (*Id.* at ¶ 17.)  Subsequently, in September 2019, ANR Construction reportedly discovered that CPF Construction was not licensed in West Virginia and "brought this information to the attention of, among others, Thompson Construction Group, the State of West Virginia, and Defendant CPF[.]"  (*Id.* at ¶ 18.)  Following this disclosure, ANR Construction alleges that it "received calls and communication" from Thompson Construction Group and CPF Construction threatening to terminate it from the project.  (*Id.* at ¶ 19.)  On October 3, 2019, CPF Construction and Thompson Construction Group "improperly terminat[ed]" the Binder Agreement and have refused to pay the amounts due.  (*Id.* at ¶20.)

Plaintiff and Counterclaim Defendant ANR Construction asserts six causes of action. Count One asserts a breach of contract. Count Two alleges a claim for fraud, deceit, misrepresentation, and negligent misrepresentation. Count Three advances a claim for breach of implied in fact contract. Count Four alleges a cause of action for quantum meruit, breach of implied in law contract, and unjust enrichment. Count Five is a claim for declaratory judgment. Finally, Count Six claims punitive damages and attorney's fees and costs. (*See generally* ECF No. 1–1.)

ANR Construction filed its complaint in the Circuit Court of Kanawha County, West Virginia on September 27, 2021. (*See id.*) Thereafter, on October 21, 2021, CPF Construction removed the action to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. (ECF No. 1.) On October 27, CPF Construction filed its answer and counterclaim. (ECF No. 3.)

*B. The Counterclaim*

The following allegations are drawn from CPF Construction's counterclaim. CPF Construction is a South Carolina limited liability company "doing business in West Virginia." (ECF No. 3 at 8, ¶ 1.) On or around March 28, 2019, CPF Construction entered into the Binder Agreement with ANR Construction, in the amount of $9,222,912 and under which ANR Construction had agreed to construct stick-built homes. (*Id.* at ¶ 4.) The Binder Agreement itself was "subject to the terms and conditions of the Prime Contract that was part of a State/Federal program to construct/reconstruct low-income housing that was devasted by flooding in West Virginia in 2016 particularly in Kanawha, Fayette and Greenbrier Counties." (*Id.* at ¶ 5.) The Binder Agreement and the Prime Contract required subcontractors, such as ANR Construction, to

3

complete all of the work on a home, while the pay schedule called for one-third of the cost of an individual home to be billed at various intervals. (*Id.* at ¶ 6.) The intermittent billing allegedly assured subcontractors adequate cash flow to continue working on the homes, but also ensured that the subcontractor would finish the construction of the individual units. (*Id.*)

CPF Construction alleges that it met all of its obligations to ANR Construction under the terms of the Binder Agreement. (*Id.* at ¶ 8.) CPF Construction alleges, however, that ANR Construction failed to pay their materialmen and subcontractors pursuant to the Binder Agreement, and further failed to complete all of the homes covered by the Agreement. (*Id.*) CPF Construction alleges that ANR Construction submitted billings and received payments at certain intervals, but instead of using the funds to complete the homes, the funds were instead diverted "for the personal use of [Counterclaim] Defendant ANR's owner, Randy L. Young, Jr. and [ANR Construction] failed to return to complete the project." (*Id.* at ¶ 9.)

CPF Construction alleges that, in addition to failing to meet its contractual obligations, ANR Construction did so "in an intentional manner" to secure funds from CPF Construction and to which funds it was not entitled. (*Id.* at ¶ 12.) CPF Construction asserts that, "as a result of said fraud," it will now have to make "double payment" to certain subcontractors and suppliers. (*Id.* at ¶ 13.) Moreover, CPF Construction asserts that it will also "incur expenses to secure releases of illegal mechanics' liens placed upon their properties by Counterclaim Defendant ANR." (*Id.*) CPF Construction claims that these "illegal liens" are "merely an attempt" by ANR Construction to harm CPF Construction's reputation and to blackmail it into paying additional monies to ANR Construction. (*Id.* at ¶ 14.)

On these allegations, CPF has asserted two counterclaims.  Counterclaim One asserts a cause of action for fraud.  (*Id.* at 10.)  Counterclaim Two is a cause of action for breach of contract.  (*Id.* at 12.)

ANR Construction filed the instant motion on November 24, 2021.  (ECF No. 7.)  CPF Construction timely filed its response in opposition on December 8, 2021.  (ECF No. 9.)  Thereafter, ANR Construction filed its reply on December 10, 2021.  (ECF No. 10.)  With the briefing complete, this motion is ripe for adjudication.

## II.   LEGAL STANDARD

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).  To withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face."  *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'"  *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555).  Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will

5

not do." *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)).

In evaluating the sufficiency of a complaint, the Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The Court then "assume[s] the[ ] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [the Court] to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted).

### III.    DISCUSSION

ANR Construction has moved for the dismissal of CPF Construction's counterclaim of fraud for failing to plead it with sufficient specificity pursuant to Rule 9(b) of the Federal Rules of Evidence. (*See* ECF No. 7.) ANR Construction has also, in the alternative, moved the Court for summary judgment on this same counterclaim, but has neglected to cite to any materials or facts in the record to support a grant of judgment in its favor. In truth, the entirety of ANR Construction's brief is directed toward its argument that CPF Construction has failed to plead fraud with specificity. Therefore, the Court shall decline to consider a grant of summary judgment and

instead turn to ANR Construction's motion pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

Rule 9(b) of the Federal Rules of Civil Procedure imposes a heightened pleading standard for claims grounded in fraud. *See United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 455–56 (4th Cir. 2013). To satisfy Rule 9(b), allegations of fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This heightened standard requires the complaint to describe at a minimum, "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)) (internal quotations omitted). Even so, "[a] court should hesitate to dismiss a complaint under Rule 9(b)" if the allegations of fraud are specific enough to give the defendant notice "of the particular circumstances for which [it] will have to prepare a defense at trial" and the "plaintiff has substantial prediscovery evidence of those facts." *Harrison*, 176 F.3d at 784.

> The essential elements in an action for fraud are: "(1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it." *Horton v. Tyree,* 104 W.Va. 238, 242, 139 S.E. 737(1927).

Syl. pt. 5, *Kidd v. Mull*, 595 S.E.2d 308 (W. Va. 2004); syl. pt. 12, *Poling v. Pre–Paid Legal Services, Inc.*, 575 S.E.2d 199 (W. Va. 2002); syl. pt. 3, *Cordial v. Ernst & Young*, 483 S.E.2d 248 (1996). *Cf. Pocahontas Mining Co. Limited Partnership v. OXY USA, Inc.*, 503 S.E.2d 258, 263

(W. Va. 1998) (concurring opinion, stating that pleading a fraud claim is distinguishable from proving a fraud claim: "the pleading must not be expected to include every element of the proof)".

Based upon the foregoing authority, CPF Construction has sufficiently pled fraud with enough specificity to put ANR Construction on notice of the nature of its fraud-based counterclaim.   First, CPF Construction has pled that the alleged fraud occurred in the late spring and summer of 2019.   (ECF No. 3 at ¶¶ 4–7.)   Further, CPF Construction alleged the payment schedule contemplated by the Binder Agreement and how ANR Construction intentionally misrepresented its progress to obtain payment, along with alleging that ANR failed to return to complete the homes.   (*Id.* at ¶¶ 8, 9, 12.)   In particular, CPF Construction alleged that the Binder Agreement established a payment schedule to be billed at one-third of the cost at various intervals of the project to ensure cash flow, acquisition of materials, and to "assure that the subcontractor would return to complete the home."   (*Id.* at ¶ 8.)   CPF Construction also alleged that despite intentionally failing to fulfill its obligations under the contract by not completing work or by failing to pay subcontractors and materialmen, ANR Construction continued to submit bills and receive payments, which were then diverted "for the personal use of Defendant ANR's owner, Randy L. Young, Jr."   (*Id.* at ¶¶ 9, 11–12.)   Finally, CPF Construction alleged that not only did it rely on ANR Construction's billing and submit the payments, but that it was damaged in doing so by having to make "double payments" and incur other expenses to secure releases of liens wrongfully placed upon the properties.   (*Id.* at ¶ 13.)   While CPF Construction's counterclaim is admittedly inartful in its execution, it is readily apparent that the required specificity is present. Far from ANR Construction's assertion that CPF Construction failed to plead "who, what, when, and where," (ECF No. 8 at 8), CPF Construction pled every element to state a cause of action for fraud and

8

described how the alleged fraud took place.   Without making any judgment as to the merits of CPF Construction's counterclaim, it is evident that its claim is not the type of vague averment that Rule 9(b) was crafted to avoid.

*IV.     CONCLUSION*

For the foregoing reasons, Plaintiff and Counterclaim Defendant ANR Construction, Inc.'s Motion to Dismiss Counterclaim Count One (I) for Failure to Plead Fraud with Particularity, and in the Alternative for Judgment as a Matter of Law, or Partial Summary Judgment,   (ECF No. 7), is **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        March 1, 2022

THOMAS E. JOHNSTON, CHIEF JUDGE