**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

ANR CONSTRUCTION, INC.,

                    Plaintiff,

v.                                   CIVIL ACTION NO.   2:21-cv-00575

CPF CONSTRUCTION, LLC,

                    Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court previously ordered Ms. Barbara Harmon-Schamberger to show cause as to why she should not be sanctioned.  (ECF No. 38.)  She failed to appear.  (ECF No. 41.)  The Court now **ORDERS** that she be **DISQUALFIED** from this case and **BARRED** for at least the next **FIVE YEARS** from admission to, or practice before, the Southern District of West Virginia.

*I.     Background*

Ms. Harmon-Schamberger has a habit of engaging in the unauthorized practice of law. She currently represents Plaintiff ANR Construction, Inc. ("ANR"), but she has never been admitted to practice in the Southern District of West Virginia.  (ECF No. 38.)  And this isn't Ms. Harmon-Schamberger's only time engaging in the unauthorized practice of law.  She has, over the course of 24 years, represented clients in the Southern District on eight separate occasions. (*Id.*)  When the Court became aware of this, it ordered her to show cause as to why she should not

be sanctioned at a hearing set on October 24, 2022 at 10:30 am.   (*Id.*)   She failed to appear. (ECF No. 41.)

## II.   *Ms. Harmon-Schamberger has engaged in the unauthorized practice of law*

The Court begins with the obvious: Ms. Harmon-Schamberger has engaged in the unauthorized practice of law.   "Parties [in federal court] may plead and conduct their own cases personally or by counsel," and federal courts oftentimes create their own rules to regulate representation by counsel.   28 U.S.C. § 1654.   Indeed, the Supreme Court has explained that "district court[s] ha[ve] discretion to adopt local rules that are necessary to carry out the conduct of its business.   This authority includes the regulation of admissions to its own bar."   *Frazier v. Heebe*, 482 U.S. 641, 645 (1987) (internal citations omitted).   The Southern District is no exception.   Local Rule of Civil Procedure 83.3 prohibits attorneys from representing a party unless the attorney is "a member of the bar of this [C]ourt" or a visiting attorney that has properly associated with a sponsoring attorney.   *See also* LOC. R. CIV. P. 83.1 (explaining how attorneys may become a member of this Court's bar or qualify as a visiting attorney).

Ms. Harmon-Schamberger violated this "stunningly simple" rule.   *United States v. McMahon*, 104 F.3d 638, 643 (4th Cir. 1997).   First, she is not admitted to practice in the Southern District.[1]   Second, she has not tried to qualify as a visiting attorney within the meaning of the Local Rules.   In fact, she is the only attorney currently representing ANR, so she cannot qualify as a visiting attorney.   *See* LOC. R. CIV. P. 83.6.   Ms. Harmon-Schamberger is therefore

---

[1] Local Rule 83.1(a) also provides that "[a]ny person who has been subject to disciplinary suspension or disbarment by the West Virginia Supreme Court of Appeals but has been readmitted to practice by the Supreme Court of Appeals and is in good standing as a member of its bar, *is eligible for readmission* as a member of the bar of this court." (Emphasis added).   The West Virginia Supreme Court of Appeals suspended Ms. Harmon-Schamberger's law license for a period of three (3) months in 2017.   *Law. Disciplinary Bd. v. Harmon-Schamberger*, No. 16-0662 (W. Va. May 22, 2017).   Thus, even if Ms. Harmon-Schamberger was once admitted—which she was not—she would have to be readmitted before appearing in the Southern District for this case.

prohibited from representing ANR, *Wheat v. United States*, 486 U.S. 153, 159 (1988) ("[A]n advocate who is not a member of the bar may not represent clients (other than himself) in court."), and, by doing so, she has engaged in the unauthorized practice of law.

*III.    Sanctions*

"Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).   Among these is "the power to control admission to its bar and to [sanction] attorneys who appear before it."   *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Because lawyers are "officer[s] of the court which granted admission," *In re Snyder*, 472 U.S. 634, 643 (1985), courts may "disbar or suspend lawyers from practice."   *In re Evans*, 801 F.2d 703, 706 (4th Cir. 1986).   And although courts "must . . .   exercise[] . . . restraint and caution" when imposing sanctions, *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (4th Cir. 1993), this decision rests squarely within the Court's discretion.   *In re Morrissey*, 305 F.3d 211, 217 (4th Cir. 2002).

Since "[s]anctions should operate as educational tools," *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 152 (4th Cir. 2002), the Court is taking this opportunity to teach a couple of lessons. First, only those attorneys that comply with Local Rule 83.1 may appear before this Court.   Ms. Harmon-Schamberger failed to abide by this basic command.   For that reason, the Court **DISQUALIFIES** Ms. Harmon-Schamberger from this case.

Second, actions have consequences.   Ms. Harmon-Schamberger has repeatedly flouted the Local Rules, appearing before the Court without permission for nearly a quarter century.   This

brazen disregard for the Court's authority "convincingly demonstrates [her] lack of integrity and fitness to practice law," *In re Evans*, 801 F.2d 703, 706 (4th Cir. 1986).   Because she is certainly "unfit to be [a] member[] of the" bar, *Ex parte Robinson*, 86 U.S. (19 Wall.) 505, 512 (1873), the Court hereby **ORDERS** that she be **BARRED** for at least the next **FIVE YEARS** from admission to, or practice before, the Southern District of West Virginia.   The Court will also refer this matter to the Office of Disciplinary Counsel of the West Virginia State Bar for such action as it deems fit.

The Court recognizes that ANR is now without counsel.   The Court further notes that ANR cannot appear *pro se* because it is a corporation.   *Forth Foods, Inc. v. Allied Adm'r, Inc.*, No. 3:07-cv-0670, 2008 WL 88610, at *2 (S.D. W. Va. Jan. 7, 2008); Loc. R. Civ. P. 83.3.   ANR shall therefore have 30 days to secure new counsel.   In light of this, the Court **VACATES** the current scheduling order.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record, any unrepresented party, and the Office of Disciplinary Counsel of the West Virginia State Bar.

ENTER:      December 20, 2022

THOMAS E. JOHNSTON, CHIEF JUDGE

4